IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| MARIO ALBERTO PUERTA-RODRIGUEZ § | |
|    Plaintiff § | |
| § | |
| V. § | Civil Action No. 7:17-cv-00034 |
| § | |
| SWIFT TRANSPORTATION COMPANY § | |
| OF ARIZONA, LLC and ROBERTO § | |
| JIMENEZ NAVA § | |
|    Defendants § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES, Plaintiff MARIO ALBERTO PUERTA-RODRIGUEZ, ("Plaintiff") and files this Original Complaint against Defendants SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC and ROBERTO JIMENEZ NAVA, and for causes of action would show as follows:

### I. NATURE OF THE SUIT

1. This suit arises from a motor vehicle collision which occurred on July 10, 2015 in Odessa, Ector County, Texas.

### II. PARTIES

2. Plaintiff is an individual resident of Fort Worth, Texas.

3. Defendant Swift Transportation Company of Arizona, LLC, is a foreign corporation and may be served with citation by and through its registered agent for service, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

4. Defendant Roberto Jimenez Nava is a "non-resident" individual as that term is defined and understood under §17.041 of the Texas Civil Practice and Remedies Code.

Accordingly, for purpose of securing service of process on the Defendant, Roberto Jimenez Nava, the Plaintiff pleads and will prove the following:

    a. The Defendant, Roberto Jimenez Nava, was the operator of a vehicle involved in an automobile accident on July 10, 2015 in this state; and

    b. At the time of the institution of this litigation, the Defendant, Roberto Jimenez Nava, was a "non-resident" as that term is defined and understood under §17.041 of the Texas Civil Practice and Remedies Code.

Accordingly, pursuant to §17.062 of the Texas Civil Practice and Remedies Code, the Chair of the Texas Transportation Commission is the agent for service of process on the Defendant, Roberto Jimenez Nava, and service on the Defendant Roberto Jimenez Nava, may be obtained by serving the Chair of the Texas Transportation Commission at 125 East 11th Street, Austin, Texas 78701 in Travis County.

Notice to the Defendant, Roberto Jimenez Nava, of service of process on the Chair of the Texas Transportation Commission may be made, pursuant to §17.063 of the Texas Civil Practice and Remedies Code, by mailing a copy of the process and notice that the process has been served on the Chair by registered mail or certified mail, return receipt requested to the Defendant Roberto Jimenez Nava. at 528 N. Mar Vista Ave, Apt. 3, Pasadena, CA 91106, or wherever he may be found.

### III. JURISDICTION AND VENUE

5.    This court has jurisdiction over this case pursuant to 28 U.S.C. §1332 because there is complete diversity between the parties and the amounts in controversy are greater than $75,000.00, excluding interest and costs.

6.      Venue is proper pursuant to 28 U.S.C. §1391(a)(2) because the events made the basis of this action occurred within this judicial district.

## IV. FACTUAL BACKGROUND

7.      This is a suit for negligence. On or about July 10, 2015, Defendant Roberto Jimenez Nava was driving an International Prostar Premium 18-wheel tractor trailer was traveling in the southbound in the left turning lane of the 2200 Block of South County Road West turning eastbound onto the 1900 Block of the IH-20 Service Road. Plaintiff Mario Rodriguez- Puerta was traveling northbound at the 2200 Block of South County Road West. Defendant Roberto Jimenez Nava failed to yield right of way making a left turn, pulled in front of Plaintiff and there was a collision.

8.      At the time of the collision, Defendant Roberto Jimenez Nava was employed with Defendant Swift Transportation Company of Arizona, LLC**.,** and was acting in the course and scope of his employment Defendant Swift Transportation Company of Arizona, LLC**.** As a result of the occurrences in question, Plaintiff sustained serious personal bodily injuries.

## V. CLAIMS AGAINST ROBERTO JIMINEZ NAVA

9.      Plaintiff incorporates each and every of the foregoing paragraphs as if fully set forth herein. Defendant Roberto Jimenez Nava had common-law and statutory duties to use ordinary care in the operation of his vehicle. He negligently breached those duties and that negligence proximately caused Plaintiff's injuries and damages. Specifically, Defendant Roberto Jimenez Nava was negligent in the following particulars:

       a.   failing to yield the right of way;

       b.   failing to keep a proper lookout;

       c.   failing to timely apply the brakes;

       d.   failing to take evasive action;

    e.  failing to manage the space around his vehicle;

    f.  driving his commercial vehicle while fatigued;

    g.  driving Defendant's vehicle at a rate of speed greater than that at which an ordinarily prudent person would have driven under the same or similar circumstances;

    g.  failing to meet the standard of conduct for an operator of a commercial motor vehicle; and

    h.  in all things failing to act as a reasonable person using ordinary care in the same or similar circumstances.

10. Each of the above acts or omissions singularly and cumulatively constitutes negligence and was a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI. CLAIMS AGAINST SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC

11. At all relevant times, Defendant Swift Transportation Company of Arizona, LLC., was the owner of the subject eighteen-wheeler, as well as the employer of Defendant Roberto Jimenez Nava. Further, Defendant Roberto Jimenez Nava was acting in the course and scope of his employment with Defendant Swift Transportation Company of Arizona, LLC., at the time of the occurrence in question. Plaintiff alleges Swift Transportation Company of Arizona, LLC., is vicariously liable to him based on the doctrine of *respondeat superior*.

12. That is, Defendant Swift Transportation Company of Arizona, LLC., is liable to Plaintiff by the virtue of the negligent conduct of its driver, Defendant Roberto Jimenez Nava. Each of the above negligent acts or omissions on the part of Defendant Swift Transportation Company of Arizona, LLC's employee, Defendant Roberto Jimenez Nava, singularly and cumulatively, were a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VII. DAMAGES

13. As a result of the negligent acts and/or omissions described above, Plaintiff has suffered substantial injuries and damages for which Plaintiff seeks recovery.

14. As of the filing of this suit, Plaintiff's medical expenses exceed $90,000.00 directly resulting from the injuries received in the occurrence. The injuries received in this occurrence have caused life-long permanent damages to Plaintiff.

15. Because of the bodily injuries of Mario Rodriguez-Puerta, proximately caused by Defendants' negligence, Plaintiff Mario Rodriguez-Puerta seeks personal injury damages in amounts the Court or jury deems to be fair and reasonable consisting of the following:

   a. past and future medical care expenses and health and mental care expenses;

   b. past and future physical pain and mental anguish;

   c. past and future physical impairment;

   d. past and future loss of earnings and earning capacity;

   e. past and future disfigurement; and

   f. any other actual or compensatory damages allowed by law.

16. Plaintiff also seeks recovery of all costs of court.

17. Plaintiff also seeks pre-judgment and post-judgment interest in the maximum amounts allowed by law.

## VIII. JURY DEMAND

18. Plaintiff hereby requests a trial by jury on each claim for relief alleged in this Complaint.

## IX. PRAYER

19. Plaintiff Mario Rodriguez-Puerta prays the Defendants be cited to appear herein and answer, and upon final hearing, Plaintiffs be awarded a judgment against the Defendants for

actua or compensatory damages (past and future) as set forth above and/or the fullest extent allowed by law and which the jury deems fair and reasonable in an amount in excess of the minimum jurisdictional limits of the Court; costs of court; pre-judgment and post-judgment interest in the maximum amounts allowed by law until the judgment is satisfied in full; and for all other relief, legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

Law Office of Jim Zadeh, P.C.

_____
Jamshyd (Jim) M. Zadeh
State Bar: 22239000
115 W. 2nd Street, Ste. 201
Fort Worth, TX 76102
817.335.5100 – Telephone
817.335.3974 – Facsimile
Email: jim@zadehfirm.com

ATTORNEYS FOR PLAINTIFF